United States District Court
Southern District of Texas
**ENTERED**
July 25, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACK A. FIELDS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-17-2200 |
| | § | |
| CHASE BANK, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Jack A. Fields is an inmate in the Texas Department of Criminal Justice. He sued Chase Bank and an unnamed Chase employee, alleging that they failed to follow his instructions to cancel a credit or debit card, resulting in an unauthorized person withdrawing money from his account. Fields seeks $1,989.00 in compensatory damages and an unspecified amount in punitive damages. For the reasons discussed below, the suit is dismissed for lack of subject-matter jurisdiction.

A federal court has jurisdiction only over cases in which the United States is a party, the suit is between citizens of different states, or the claims arise under the United States Constitution or laws. Fields's complaint makes it clear that none of these sources of jurisdiction is present here. Without subject-matter jurisdiction, this court is required to dismiss the case.

The United States is not a party to this suit: Fields is a private individual, and he sues a bank. Second, the parties are not from different states. A federally chartered bank like Chase "is not considered to be a citizen of any particular state for the purpose of establishing diversity of citizenship." *Auriemma Consulting Group, Inc. v. Universal Savings Bank, F.A.,* 367 F.Supp.2d 311, 313 (E.D.N.Y.2005); *see also, Iceland Seafood Corporation v. National Consumer Cooperative Bank,* 285 F.Supp.2d 719, 723 (E.D.Va.2003)). Where one party is a national citizen, diversity of

citizenship does not apply. *Auriemma*, 367 F.Supp.2d at 314. And the amount at issue is not close to the amount needed for federal diversity jurisdiction.

Finally, there is no federal constitutional or other federal law question. "[A] case does not arise under federal law for purposes of [28 U.S.C.] section 1331 simply because a federally chartered bank is a party." *Viqueira v. First Bank*, 140 F.3d 12, 17-78 (1st Cir. 1998).

The complaint lists several statutes that Fields asserts confer jurisdiction on this court. Fields lists 28 U.S.C. §§ 1331, 1343(a)(3), 1346(b), 1401(b), 2401(b), and 2671-2680. *See* Complaint at 6. None of these applies.

Section 1331 is the general federal question statute. It grants jurisdiction for cases arising out of the Constitution or laws of the United States. Fields fails to identify any federal statute creating a private right of action.

Section 1343(a)(3) creates jurisdiction for suits alleging deprivations of rights under the Constitution or federal law by a government official or state actor. Fields does not allege that Chase falls in this category.

Section 1346(b) covers suits against the United States. This suit is not against the United States government.

Section 1401(b) does not exist. Section 1401 creates jurisdiction for shareholder derivative actions, but there is no subsection (b), and this is not a shareholder derivative action.

Section 2401(b) is not a jurisdictional statute. It establishes a deadline for filing tort claims against the United States government.

Finally, sections 2671-2680 establish procedures for tort claims against federal agencies. Chase is not a federal agency.

A court may raise the issue of lack of subject-matter jurisdiction on its own motion. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). At most, Fields asserts a possible state law tort or contract claim against Chase. There is no basis for this court to exercise subject-matter jurisdiction in this case. This case is dismissed without prejudice. Fields's motion to proceed without prepayment of fees, (Docket Entry No. 2), is denied as moot.

An order of dismissal is separately entered.

SIGNED this 21st day of July, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge